## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC A. HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 13-0033 (ESH) |
| | ) | |
| EXECUTIVE OFFICE FOR | ) | |
| U.S. ATTORNEYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, challenges the responses of the Executive Office for United States Attorneys ("EOUSA") to his request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. EOUSA released responsive records during the course of this litigation and now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or for summary judgment under Rule 56. Def.'s Mot. to Dismiss or for Summ. J. [Dkt. # 14]. Plaintiff has opposed the motion, *see* Pl.'s Response to Def.'s Mot. to Dismiss or for Summ. J. ("Pl.'s Opp'n") [Dkt. # 21], and defendant has replied [Dkt. #26]. In addition, plaintiff has filed a Motion to Amend his opposition [Dkt. # 25], which the Court will grant over defendant's objection [Dkt. # 27], and treat as a supplemental opposition ("Pl.'s Suppl. Opp'n"). Upon consideration of the parties' submissions and the entire record, the Court will grant summary judgment to defendant and enter judgment accordingly.

## BACKGROUND

In December 2011, plaintiff requested "all fact witness vouchers" issued for his criminal case in this Court (*U.S. v. Hicks*, No. 93-cr-97), including "the records with dollar amounts of all

witnesses, . . . friends, relatives of and standby witnesses who were paid with fact witness

vouchers," and those pertaining to "non-testifying witnesses." (Decl. of Kathleen Brandon [Dkt.

# 14-2], Ex. A.) Plaintiff requested that the search include the names of his co-defendants and

encompass, *inter alia*, the Federal Records Center and the U.S. Marshals Service. *Id*. On April

25, 2012, EOUSA informed plaintiff that pursuant to policy, it was neither confirming nor

denying the existence of the requested records "concerning living third parties," and if such

records existed, they would be exempt from disclosure under FOIA exemptions 6 and 7(C), *see* 5

U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a (Brandon Decl., Ex. B.)

In his appeal to the Office of Information Policy ("OIP") on May 1, 2012, plaintiff stated

that EOUSA's determination was unwarranted because he had "granted full permission to the . . .

agency to redact and/or delete [third-party] source identification only from the material for

purpose of release." (*Id*., Ex. C.) On September 20, 2012, OIP affirmed EOUSA's decision on

"partly modified grounds," explaining that to the extent responsive records exist, they would be

categorically exempt under exemption 7(C) absent the third parties' consent, proof of death,

official acknowledgement of an investigation, or an overriding public interest. Thus, according to

OIP, EOUSA's assertion of exemption 7(C) was proper and EOUSA "was not required to

conduct a search for the requested records." (*Id*., Ex. D.)

Plaintiff initiated this action in January 2013, and EOUSA "reconsidered its initial

categorical denial and initiated a search for responsive records." (Brandon Decl. ¶ 10.) On June

12, 2013, EOUSA released 718 pages of witness vouchers to plaintiff with third-party

information redacted under exemption 7(C) (*id*. ¶ 16 & Ex. G) and moved for dispositive relief

on July 24, 2013. On November 21, 2013, plaintiff moved to amend his opposition filed on

October 7, 2013, to include his "omitted . . . reference to the Defendant's failure to disclose the

information reflecting the per diem charges and net totals of the vouchers . . . excluded from a substantial portion of the vouchers." (Pl.'s Mot. at 2.) On December 5, 2013, defendant filed an opposition to plaintiff's motion to amend, characterizing the motion as an improper filing and an attempt to amend the complaint. (Def.'s Opp'n to Pl.'s Mot. to Amend [Dkt. # 27] at 1.)

## LEGAL STANDARD

The Court is authorized under the FOIA "to devise remedies and enjoin agencies . . . if the agency has [improperly withheld agency records]" responsive to a properly submitted request. *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). An inadequate search for records may also constitute an improper withholding under the FOIA. *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003).

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in reasonably detailed affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When questions arise about an agency's search, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id.* (citations and quotation marks omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). Summary judgment may not be granted "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

## DISCUSSION

### 1. Defendant's Motion to Dismiss

Defendant asserts that the complaint is moot and, therefore, subject to dismissal under Rule 12(b)(1) for want of subject matter jurisdiction because EOUSA "performed a reasonable and adequate search, and [] released responsive records." Def.'s Mem. of P.&A. in Supp. of Def.'s Mot. to Dismiss or for Summ. J. at 1. This argument begs the question the FOIA confers on this Court to decide. Therefore, defendant's motion to dismiss under Rule 12(b)(1) is denied.

### 2. Defendant's Summary Judgment Motion

Since plaintiff does not dispute defendant's justification for withholding third-party information under exemption 7(C), the Court will grant summary judgment to defendant on its

proper invocation of this exemption. *See* Brandon Decl. ¶ 16; *Schrecker v. United States Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases that have "consistently supported nondisclosure of names or other information identifying [third-party] individuals appearing in law enforcement records . . . .").

Plaintiff "counters that [d]efendant's search was inadequate" because EOUSA's declarant did not describe the search as encompassing "the case numbers associated with Plaintiff (as set forth in the PSI)." Pl.'s Opp'n at 7 (parenthesis in original). But plaintiff did not seek such information, either expressly or impliedly, in the FOIA request forming the basis of this action, and EOUSA's declarant has shown that a reasonably adequate search was conducted to locate "all fact witness vouchers issued in [plaintiff's] criminal case[,] . . . specifically . . . the dollar amounts that were paid to the witnesses." Decl. of Karin Kelly [Dkt. # 14-3] ¶ 4. The search covered the Legal Information Network System ("LIONS") used by the United States Attorney's Office in the District of Columbia "to track all activities in district court matters, cases and appeals." *Id*. ¶ 6. The "search parameters" were set "as broadly as possible" and included combinations of plaintiff's first and last names "and those of the main defendant, Antone White, . . . in the five co-defendant case." *Id*. In addition, the declarant searched the Closed Files Information Tracking System by "the USAO [internal case] number" that LIONS had identified and located "fifty-six boxes [comprising] the entire file" at the Federal Records Center. *Id*. ¶¶ 7-9. The declarant reviewed each box, located the requested vouchers dating back to 1993, and "produced the best copy of the vouchers that is available" *Id*. ¶¶ 10-14. In addition, the declarant produced vouchers pertaining to plaintiff's earlier criminal case, 92-cr-381, "[o]ut of an abundance of caution" since the docket of the earlier case "suggests [it] was absorbed into the main case," 93-cr-97. *Id*. ¶ 12.

Plaintiff has not seriously disputed that the foregoing search was adequate, but he seems to suggest that the declarant overlooked certain information. The declarant had "noticed that although the [voucher] form provides space for per diem charges and net totals, many of the charges were not tallied. The majority only listed dates that the witness appeared. The per diem amount of $40 is printed on the form, and although one could perform simple addition to figure out a total, one is not provided on the form." *Id*. ¶ 15. In his supplemental opposition referencing the foregoing statement, plaintiff surmises that defendant "fail[ed] to disclose the information reflecting the per diem charges and net totals of the vouchers . . .," and, thus, contends that defendant should be compelled to produce "the actual amount of the per diem charges and net totals of the vouchers." Pl.'s Suppl. Opp'n ¶¶ 5-6. Plaintiff's argument is based on a misguided premise about defendant's disclosure obligations. An agency is required to disclose only "records 'written or transcribed [that] perpetuate knowledge or events.' . . . [The] FOIA neither requires an agency to answer questions disguised as a FOIA request, [n]or to create documents or opinions in response to an individual's request for information." *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987), *cert. denied*, 484 U.S. 803 (1987) (citations omitted). Hence, the Court cannot compel defendant to compile information to address what are essentially questions.

Also in his supplemental opposition, plaintiff asserts that if EOUSA does not have the "documentation," it "should be required to obtain [it] from the Marshals Service . . . .," *id*. ¶ 7, but a withholding subject to review under the FOIA occurs only when an agency component fails to produce documents in its "custody" or "control" at the time of the FOIA request. *McGehee*, 697 F.2d at 1110 (quoting *Kissinger*, 445 U.S. at 150-51). Department of Justice regulations instruct that a FOIA request be made "by writing directly to the Department component that

maintains those records," and the request is "considered received as of the date it is received by the proper component's FOIA office."  28 C.F.R. § 16.3(a).  Hence, the fact that the Marshals Service may have responsive records places no obligation on EOUSA to retrieve them.  Plaintiff is free to submit a FOIA request directly to the Marshals Service in accordance with the forgoing regulation.

## CONCLUSION

The Court finds that EOUSA conducted a search reasonably calculated to locate all records responsive to the FOIA request forming the basis of this action and, having resolved the only materially disputed fact, concludes that defendant has satisfied its disclosure obligations and is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____

ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 20, 2013